IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv275

| | | |
|---|---|---|
| W. KENNETH COSTANZO; DAVID A. GREFE AND WIFE LISA M. GREFE (husband and wife); CARL W. COLEMAN; ROBERT F. COLEMAN and wife MARY ANN COLEMAN; and 182 INVESTMENTS, LLC, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| SYNOVUS FINANCIAL CORP., d/b/a NATIONAL BANK OF SOUTH CAROLINA; and NBSC CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court are Defendants' Motion for Reconsideration and to Strike [# 21] and Plaintiffs' Motion to Amend [# 26]. After this case was removed from state court, Defendants moved to dismiss the Complaint. Plaintiffs then filed an Amended Complaint. In light of the filing of the Amended Complaint, the Court denied as moot Defendants' Motion to Dismiss the original Complaint. (Order, Apr. 1, 2011.) Defendants then moved the Court to strike the Amended Complaint because Plaintiffs failed to seek leave of Court prior to its filing. Defendants also moved the Court to reconsider its Order denying as moot the Motion to Dismiss. In response

to this motion, Plaintiffs filed a motion requesting leave to file its Amended Complaint. The Court **GRANTS** Plaintiffs' Motion to Amend [# 26] and **DENIES** Defendants' Motion for Reconsideration and to Strike [# 21].

I. Analysis

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006).

Plaintiffs seeks leave to file an Amended Complaint making a number of substantive changes to the Complaint. Defendants contend that the amendments are futile and sets forth the same argument contained in its Motion to Dismiss. Upon a review of the pleadings in this case, the Court finds that granting Plaintiffs leave to amend is warranted in this case. Although Defendants may ultimately prevail on having the claims dismissed, the Court cannot say that the proposed amendments are so futile as to warrant denying Plaintiffs an opportunity to amend. Because allowing

Plaintiffs leave to amend will not result in undue delay or prejudice to Defendants, and the proposed amendments are not futile or made in bad faith, leave to amend is appropriate in this case. See Equal Rights Center, 602 F.3d at 603; Laber, 438 F.3d at 426-27. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Amend [# 26]. Having determined that Plaintiffs are entitled to leave to file an Amended Complaint, the Court **DENIES** Defendants' Motion for Reconsideration and to Strike [# 21]**.**

II. **Conclusion**

The Court **GRANTS** Plaintiffs' Motion to Amend [# 26]. The Court **DENIES** Defendants' Motion for Reconsideration and to Strike [# 21].

Signed: August 25, 2011

Dennis L. Howell
United States Magistrate Judge