IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv275

| | |
|---|---|
| W. KENNETH COSTANZO; DAVID A. GREFE AND WIFE LISA M. GREFE (husband and wife); CARL W. COLEMAN; ROBERT F. COLEMAN and wife MARY ANN COLEMAN; and 182 INVESTMENTS, LLC, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | ORDER |
| SYNOVUS FINANCIAL CORP., d/b/a NATIONAL BANK OF SOUTH CAROLINA; and NBSC CORPORATION, ) ) ) ) ) ) | |
| Defendants. ) ) | |

After this case was removed from state court, Defendants moved to dismiss the Complaint. Plaintiffs then filed an Amended Complaint. In light of the filing of the Amended Complaint, the Court denied as moot Defendants' Motion to Dismiss the original Complaint. (Order, Apr. 1, 2011.) Defendants then moved the Court to strike the Amended Complaint because Plaintiffs failed to seek leave of Court prior to its filing. Defendants also moved the Court to reconsider its Order denying as moot the Motion to Dismiss. In response to this motion, Plaintiffs filed a motion requesting leave to file their Amended Complaint.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Court then granted Plaintiffs leave to file their Amended Complaint and denied Defendants' motions. (Order, Aug. 26, 2011.) Subsequently, Plaintiffs filed another Amended Complaint on October 14, 2011. This Amended Complaint, however, was significantly different from either the prior Amended Complaint or the proposed Amended Complaint attached to Plaintiffs' Motion to Amend. Defendants now move to strike the October 14, 2011, Amended Complaint.

Rule 15(a) requires leave of Court prior to filing an Amended Complaint after the expiration of time period specified unless the plaintiff obtains the written consent of the opposing side. Fed. R. Civ. P. 15(a)(2). In its August 26, 2011, Order, the Court granted Plaintiffs leave to file the Amended Complaint it had filed on March 24, 2011, without leave of Court or the written consent of Defendants. The Court's Order was not an invitation to file a Second Amended Complaint adding new claims and factual allegations not contained in the March 24, 2011, Amended Complaint or the proposed Amended Complaint attached to the Motion to Amend. Although this Court should have been more precise in the language it used in its prior Order, no reasonable interpretation of the Court's Order would allow Plaintiffs leave to file six weeks later what would amount to a Second Amended Complaint adding new claims not addressed by the Court or Defendants.

To the extent that Plaintiffs needed clarification of the Court's prior Order, they could and should have sought such from the Court. Because the Court has never granted Plaintiffs leave to file the October 14, 2011, Amended Complaint, the Court **GRANTS** the Defendants' Motion to Strike [# 57] and **STRIKES** the Amended Complaint [# 54]. The Amended Complaint [# 16] is the operative pleading in this case. To the extent that the Amended Complaint [# 16 ] differs in any substantive way from the proposed Amended Complaint attached to Plaintiffs' prior Motion to Amend, the Court will **GRANT** Plaintiffs leave to file the proposed Amended Complaint previously attached to its motion as a Second Amended Complaint within five (5) days of the entry of this Order.

Signed: May 30, 2012

*[signature]*

Dennis L. Howell
United States Magistrate Judge