THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv275

| | |
|---|---|
| W. KENNETH COSTANZO; DAVID A. GREFE and wife LISA M. GREFE (husband and wife); CARL W. COLEMAN; ROBERT F. COLEMAN and wife MARY ANN COLEMAN; and 182 INVESTMENTS, LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>SYNOVUS FINANCIAL CORP. d/b/a NATIONAL BANK OF SOUTH CAROLINA; SYNOVUS FINANCIAL CORP.; SYNOVUS BANK; KEITH VINSON, individually; KEITH VINSON d/b/a SEVEN FALLS, LLC; SEVEN FALLS REAL ESTATE, LLC; SEVEN FALLS REALTY, LLC; SEVEN FALLS GOLF CLUB, LLC; SEVEN FALLS GOLF & RIVER CLUB, LLC; SEVEN FALLS CLUB AMENITIES, LLC; SEVEN FALLS LODGING, LLC; SEVEN FALLS VENTURES, LLC; SEVEN FALLS PROPERTY OWNERS ASSOCIATION, INC.; MOUNTAIN DEVELOPMENT COMPANY, LLC; and ZEUS INVESTMENTS, LLC,<br><br>      Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Amend Complaint [Doc. 68]; Defendants Synovus Bank and Synovus Financial Corp.'s Motion to Sever [Doc. 69]; and the Non-Bank Defendants' Motion to Sever Plaintiffs' Claims [Doc. 72]. The Plaintiffs have not filed any opposition to the Defendants' Motions.

# I. PROCEDURAL BACKGROUND

## A. The Complaint

This is an action brought by seven purchasers of subdivision lots in a failed real estate development in Henderson County, North Carolina known as Seven Falls Golf and River Club ("Seven Falls"). [Second Amended Complaint, Doc. 67 at ¶ 1]. The Plaintiffs have brought suit against Synovus Financial Corp. d/b/a National Bank of South Carolina ("NBSC") and Synovus Bank (collectively, "Synovus"); Seven Falls's developer, Keith Vinson ("Vinson"); and several companies purportedly formed by Vinson for the purpose of developing Seven Falls (collectively, the "non-Bank Defendants"), asserting causes of action for violations of the Interstate Land Sales Act, 15 U.S.C. § 1703(a)(2) ("ILSA"); breach of fiduciary duty and constructive fraud; violations of South Carolina's Unfair and Deceptive Trade Practices Act, S.C. Code Ann. § 39-5-10; negligence/gross negligence; civil conspiracy; defamation of credit and slander of title (against NBSC only); and breach of contract (against the non-Bank Defendants only). [Id. at ¶¶ 31-82].

# II. DISCUSSION

Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined as plaintiffs in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same, transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). The "transaction or occurrence" test set forth in Rule 20 "is designed to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Advamtel, LLC v. AT&T Corp., 105 F.Supp.2d 507, 514 (E.D. Va. 2000). "Absolute

identity of all events is not necessary, and the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Id.

Joinder is not a substantive right; it is a procedural mechanism that allows parties with similar substantive claims to enforce them jointly. See Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). Courts have "wide discretion concerning the permissive joinder of parties" under Rule 20. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007). As the Fourth Circuit has recognized, whether claims are properly joined under Rule 20 is a determination that must be made on a case-by-case basis. Saval, 710 F.2d at 1031. The Court may act upon motion by a party or *sua sponte* to remedy improperly joined parties. Fed. R. Civ. P. 21. Where plaintiffs are improperly joined, the proper remedy is not to dismiss the misjoined parties but rather to sever all misjoined claims. See Grennell v. Western Southern Life Ins. Co., 298 F.Supp.2d 390, 399 (S.D. W. Va. 2004).

The Plaintiffs are presumably joined in this action because they all purchased lots in Seven Falls and appear to assert similar causes of action against the Defendants. Beyond the mere fact that the Plaintiffs are all purchasers in the same subdivision, however, there is little commonality between the Plaintiffs' claims. Each of the claims arise out of the purchase of a separate lot (or lots) that were purchased at different times and relate to financing that occurred, if at all, under circumstances entirely different from every other lot purchase. To the extent that the Plaintiffs assert claims based on misrepresentations and/or fraud, such claims are entirely dependent on facts specific to each Plaintiff, such as the particular misrepresentation made and the reasonableness of any reliance by the particular Plaintiff on such misrepresentation. Given the variation in the Plaintiffs' claims, and the uniquely personal nature of the deception claims in particular, each

3

Plaintiff will require a "mini-trial," each involving different evidence and testimony. Such a trial would be an "enormous burden" on the Court and would substantially hinder the fair administration of justice. CineTel Films, Inc. v. Does 1-1,052, __ F.Supp.2d __, Civil No. JFM 8:11-cv-02438, 2012 WL 1142272, at *8 (D. Md. Apr. 4, 2012).

The Court further notes that the filing of these claims as a single lawsuit when they are in fact separate lawsuits causes inaccuracies in the filing statistics of this District. Such inaccuracies are not insignificant. As another Court in this District has noted, "[s]uch statistical data is extremely important as it determines the resources that are necessarily allotted to this district. Thus, the misfiling of these cases could result in less resource[s] being allocated to the district than it is entitled to which, of course, could have negative consequences." Slep-Tone Entertainment Corp. v. Mainville, No. 3:11-cv-00122, 2011 WL 4713230, at *5 n.3 (W.D.N.C. Oct. 6, 2011) (Mullen, J.). Moreover, the filing of the Plaintiffs' claims as a single action, with the payment of a one-time $350 filing fee, does little to compensate the Court "for this significant drain on judicial resources." CineTel, 2012 WL 1142272, at *8 n.4.

In sum, the Court concludes that there is no legitimate basis for joining all of the Plaintiffs together in a single lawsuit. The Plaintiffs' claims lack the requisite commonality to justify joinder pursuant to Rule 20(a). Accordingly, the Court concludes that all of the claims asserted by the Plaintiffs in this matter, aside from the claims asserted by the Plaintiff W. Kenneth Costanzo, shall be severed from this action and refiled, upon payment of the requisite filing fees, as new, separate actions. Such claims shall be filed based upon the particular lot purchased and shall include only those Plaintiffs and Defendants associated with that particular lot purchase. Any Complaints that are filed further must include factual allegations of sufficient particularity to conform to the

standards of Rule 9(b) of the Federal Rules of Civil Procedure and otherwise should provide an adequate description of the basis for the specific claims asserted against the specific Defendants.

In light of the severance of the Plaintiffs' claims, the Court will require Plaintiff Costanzo to file an Amended Complaint incorporating only the factual allegations and causes of action that he intends to assert in this action.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motions to Sever [Docs. 69, 72] are **GRANTED**.

(2) Plaintiffs' Motion to Amend Complaint [Doc. 68] is **DENIED AS MOOT**.

(3) Plaintiff W. Kenneth Costanzo shall file an Amended Complaint within thirty (30) days of the entry of this Order. The Defendants shall have thirty (30) days from service of the Amended Complaint to answer or otherwise respond to Costanzo's Amended Complaint;

(4) All claims asserted by the other Plaintiffs in this action are hereby **SEVERED** from this action. Within thirty (30) days of the entry of this Order and upon payment of the requisite filing fees, the severed Plaintiffs may refile their claims as separate lawsuits against the Defendants or seek dismissal of their claims. The Defendants shall have thirty (30) days from service of the newly filed Complaints to answer or otherwise respond.

**IT IS SO ORDERED**.

Signed: July 9, 2012

Dennis L. Howell
United States Magistrate Judge